STATE OF NORTH CAROLINA v. THOMAS SYKES

No. 706SC115

(Filed 24 June 1970)

**Criminal Law §§ 114, 168— instructions — expression of opinion**

Trial court's instruction, apparently in reference to defendant's plea of "not guilty by reason of insanity," that both defendant and his attorney admitted that defendant had committed the crime of molesting or assault with intent to commit rape, *held* prejudicial error, where the record discloses that defendant did not testify and that neither defendant nor his attorney had made such admission.

APPEAL by defendant from *Parker, J.,* August 1969 Session, NORTHAMPTON Superior Court.

Defendant was charged with the rape of a 6-year-old child. The solicitor announced that the State would not seek a verdict of guilty of rape but would ask for a verdict of guilty under the charge of assault with intent to commit rape. Defendant, an indigent, was represented by court-appointed counsel. With respect to the plea entered by defendant, the record shows the following as a part of the judgment and commitment signed and entered by the court: "In open court, the defendant appeared for trial upon the charge or charges of rape and thereupon entered a plea of not guilty of assault with intent to commit rape by reason of insanity." The jury returned as its verdict: "He is guilty as charged with the recommendation of mercy." Defendant appealed and the court appointed counsel to perfect his appeal.

*Attorney General Robert Morgan by Assistant Attorney General Eugene A. Smith for the State.*

*Thomas W. Henson for defendant appellant.*

MORRIS, J.

Defendant brings forward ten assignments of error based on twelve exceptions, all but one of which are directed to the instructions of the court to the jury. The other is a formal exception to the entry of the judgment.

The following excerpts from the charge form the bases of two of defendant's exceptive assignments of error:

"The court further instructs you that you will recall upon the call of the case, the attorney for the defendant admitted that the crime of molesting or assaulting with intent to commit rape

STATE *v.* SYKES

had been performed by the defendant, but the plea was not guilty by reason of insanity, so therefore, the only question before you ladies and gentlemen would be 'has the State through this admission by the defendant satisfied you from the evidence and this admission beyond a reasonable doubt that the defendant is guilty?' You would still have to determine whether or not as to his guilt or innocence.

Then you would have to determine whether or not at the time alleged in the bill of indictment the defendant was insane."

and again

"The defendant at the beginning of the trial having admitted the commission of the act alleged in the bill of indictment and having plead not guilty by reason of lack of mental capacity or insanity,".

The defendant did not testify and there was no evidentiary admission of guilt. Nor does the record disclose any admission by defendant's counsel. It is apparent that the court was referring to the defendant's plea of "not guilty by reason of insanity." However, as was succinctly pointed out by Higgins, J., in *State v. Moore*, 268 N.C. 124, 150 S.E. 2d 47 (1966), "The plea of not guilty by reason of temporary insanity is not a judicial admission that the defendant committed any unlawful act. Under a plea of not guilty the State must prove all elements of the offense charged. (citations omitted.)"

We think the portions of the charge quoted constitute prejudicial error. They could have misled the jury to the extent that the jury decided the defendant's guilt solely upon the question of whether he had satisfied them as to his insanity. That this could have resulted is further bolstered by the surplusage in the verdict "with the recommendation of mercy."

The case on appeal herein was not docketed within the time allowed by Rule 5, Rules of Practice in the Court of Appeals of North Carolina. After the case on appeal was docketed, the State filed a motion to dismiss. Defendant filed an answer thereto which we treated as a petition for certiorari, and the case has, therefore, been heard on its merits.

Because of this and other errors in the charge prejudicial to defendant there must be a

New trial.

MALLARD, C.J., and GRAHAM, J., concur.